Domenic A. Cossi
Jory C. Ruggiero
WESTERN JUSTICE ASSOCIATES PLLC
303 West Mendenhall Street Suite 1
Bozeman, MT 59715
(406)587-1900
*domenic@westernjusticelaw.com*
*jory@westernjusticelaw.com*

*Attorneys for Defendant/Counterclaimant Kinkaid*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY, <br><br> Plaintiff/Counterclaim Defendant, <br><br> vs. <br><br> KINKAID CIVIL CONSTRUCTION LLC, <br><br> Defendant/Counterclaimant. | Cause No. DV-17-103-BLG-SPW-TJC <br><br><br> **DEFENDANT/COUNTERCLAIMANT KINKAID'S BRIEF IN SUPPORT OF MOTION TO COMPEL** |

## BACKGROUND

Defendant/Counterclaimant Kinkaid Civil Construction, Inc. (Kinkaid), brings this Motion to Compel after Plaintiff/Counterclaim Defendant United Fire Insurance Company, Inc. has failed to provide discovery answers despite repeated requests by Kinkaid.

On July 31, 2017, United Fire filed a declaratory judgment action against its insured, Kinkaid, regarding United Fire's duty to defend and indemnify Kinkaid in a lawsuit brought by a subcontractor. The underlying lawsuit was brought by Denny's Electric & Motor Repair, Inc. (Denny's) over payment for horizontal drilling under Interstate I-90, a railroad and frontage road for a water main project being done by Kinkaid on behalf of the City of Billings. Kinkaid answered and counterclaimed against United Fire over the costs to repair subsidence damage caused when the bore at issue in the Denny's lawsuit collapsed during a test of the water main. Kinkaid had made the claim on April 24, 2017, but as of the date of the counterclaim, United Fire had not adjusted the subsidence claim.

Kinkaid sent discovery to United Fire on April 6, 2018 with the following request for production:

> **REQUEST FOR PRODUCTION NO. 1:** Produce any document, including any manual or policy, regarding United Fire and Casualty Company's policies and procedures regarding handling of claims.

(*Please see,* Exh. 1, Defendant/Counter-Claimant's Discovery Request to Plaintiff/Counterclaim Defendant, dated April 6, 2018).

Kinkaid sent a second set of discovery requests to United Fire on April 26, 2018, with the following requests:

**INTERROGATORY NO. 1:** State the name and contact information of each person having any involvement, direct or indirect, in handling any aspect of Kinkaid's claims, describing the nature of such involvement, the claim(s) they were involved with handling, and the dates of involvement for each such person.

**INTERROGATORY NO. 2:** State the title, jurisdiction, docket number, name of plaintiff and of plaintiff's counsel of all actions filed during the past five (5) years against you in Montana asserting you wrongfully refused to provide a defense or acknowledge coverage or provide indemnification under an insurance contract issued by you.

**REQUEST FOR PRODUCTION NO. 2:** Produce all documents that evidence, record, reflect or refer to contracts, correspondence, conversations or other contacts (including without limitation emails, text messages or other electronic or digital communications), with any in-house or third-party professionals who had any involvement in any aspect of evaluating or handling Kinkaid's claims.

**REQUEST FOR PRODUCTION NO. 3:** Please produce any and all materials, documents and writings of any type or description, including without limitation all physical, digital and electronic files, email or data referring in any way, or for any purpose, to the handling of claims insurance coverage, defense or indemnification in Montana.

**REQUEST FOR PRODUCTION NO: 4:** Please produce all documents that evidence, record, reflect, or refer to any training provided to or received at any time by each individual and unit involved in investigating, evaluating, or handling of Kinkaid's claims.

(*Please see*, Exh. 2, Defendant/Counter-Claimant's Second Discovery Requests to Plaintiff/Counterclaim Defendant, dated April 26, 2018).

After allowing extensions due to United Fire's promise to provide a coverage determination, Kinkaid's previous attorneys wrote to United Fire's counsel on October 25, 2018 and asked that it respond to discovery by November 1, 2018, so that responses and document production would be received prior to the close of discovery. (*Please see*, Exh. 3, Amy C. McNulty letter to Katherine S. Huso dated October 25, 2018).

United Fire did not provide responses to the discovery by November 1, 2018. Then, United Fire finally provided a coverage determination on November 21, 2018. Kinkaid's attorneys determined they were witnesses to United Fire's ongoing bad faith, and Kinkaid engaged new attorneys. The remaining schedule was vacated so that Kinkaid's new attorneys could get up to speed.

On January 17, 2019, the Court held a Status Conference in which United Fire indicated it wished to join Western National Mutual Insurance Company, Denny's insurer, in this action. The Court gave United Fire until February 1, 2019 to file the Motion. United Fire's duty to respond to the discovery requests noted above was briefly discussed as an outstanding issue as well.

On February 14, 2019 Kinkaid sent supplemental discovery to United Fire showing that it has lost $2,760,723.44 in 2018 due to United Fire's failure to adjust

the claim correctly. Those losses are continuing at $230,060.29 per month as the benefits due are still being wrongfully withheld.

United Fire did not file a Motion to Amend on February 1, 2019. Counsel for Kinkaid emailed counsel for United Fire on February 11 and February 28, 2019, and asked United Fire to join in asking for a new scheduling conference. On March 5, 2019, counsel for United Fire responded and suggested filing a proposed schedule. Kinkaid agreed. (*Please see* Exh. 4, emails between counsel Domenic Cossi and Katherine Huso dated February 11 through March 7, 2019).

On March 6, 2019, Kinkaid wrote to United Fire and asked that it respond to the discovery requests, subject to some time limitations that Kinkaid would be willing to agree to. Kinkaid indicated that would not object to the following reasonable time limitations for Request for Production 1, 3 and 4: Three years before April 24, 2017 to the present. United Fire responded that it would respond to discovery, subject to objections and a privilege log. (*Please see* Exh. 4).

Also on March 6, 2019, Kinkaid forwarded the letter from its previous attorneys requesting the information by November 1, 2018 and asked United Fire's counsel if there were further communications allowing an extension. (*Please see* Exhibit 5, email from counsel Domenic Cossi to Katherine Huso dated March 6, 2019). United Fire has never replied. On March 7, 2019, Kinkaid asked for the responses as soon as possible. (*Please see* Exh. 4). United Fire never replied. On

March 16, Kinkaid asked for responses by March 21, 2019. (*Please see* Exh. 6, email from counsel Domenic Cossi to Katherine Huso dated March 16, 2019). United Fire never responded, either with responses or by suggesting a different date.

Given its escalating losses and United Fire's continual delay, Kinkaid has no choice but to bring this Motion to Compel discovery in order to ensure this action is concluded as soon as possible.

## II. Legal Standards

The purpose of discovery is to promote the ascertainment of truth and the ultimate disposition of the lawsuit in accordance therewith. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties that are essential to proper litigation. *Id.*

Responses to discovery are due 30 days after receipt. Fed. R. Civ. P. 33 and 34. Failure to object within the time period given waives the objection. *Richmark Corp. v. Timber Falling Consultants*, 959 F.2d 1468, 1473 (9th Cir. 1992).

### III. Argument

United Fire has waived its objections to Kinkaid's discovery and should be ordered to respond fully, without objection within 14 days of the Court's Order compelling production.

"It is well established that a failure to object to discovery requests within the time required constitutes a waiver of any objection." *Richmark*, 959 F.2d at1473. The law is well settled that the failure to timely file objections … under Rule 33 results in a waiver of objections that might otherwise be available …" and the same for "request[s] for documents." *Deal v. Lutheran Hospitals & Homes*, 127 F.R.D. 166, 168 (D. Alaska 1989).

Here, United Fire did not respond to the discovery requests at all for almost a year. To be clear, Kinkaid's previous attorneys apparently granted extensions until November 1, 2018 and Kinkaid does not fault United Fire for failing to respond prior to that time. However, no response was forthcoming as of November 1, 2018 and no extension was asked for or given. Further, once Kinkaid's current counsel got up to speed, it asked for responses by March 21, 2019. No responses were given and no request for extension was asked for. United Fire has had more than enough time to prepare responses. Kinkaid asked for responses by November 1, 2018, the Court reminded United Fire of the issue on January 17, 2019, and Kinkaid again asked for responses by March 21, 2019.

Despite Kinkaid's efforts to be collegial to an insurance company that it is causing it millions of dollars in damages, United Fire has continued to ignore requests to answer the discovery in a timely manner to prevent further delay in this case. It is clear that United Fire has waived objections and should be ordered to respond to discovery immediately.

## IV. CONCLUSION

United Fire has waived any objections to producing the requested discovery and should be ordered to produce Answers and Responsive documents without objection no later than 14 days from the date of this Court's Order, subject to a time limitation for Requests for Production 1, 3 and 4 of April 24, 2014 to the present.

DATED this 29th day of March, 2019.

                                          WESTERN JUSTICE ASSOCIATES, PLLC

                                          By: /s/ *Domenic A. Cossi*
                                                Domenic A. Cossi
                                                *Attorney for Defendant and*
                                                      *Counterclaimant*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of March, 2019, a true and correct copy of this document was served on the following person(s) by:

| | |
|---|---|
| _1,2_ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of U.S. District Court

2. Katherine S. Huso
   MATOVICH, KELLER & HUSO, P.C.
   2812 1st Avenue North, Suite 225
   P.O. Box 1098
   Billings, MT  59103-1098
   khuso@mkhattorneys.com
   *Attorney for Plaintiff/Counter Defendant*

 By: */s/ Domenic A. Cossi*
 Domenic A. Cossi