Domenic A. Cossi
Jory C. Ruggiero
WESTERN JUSTICE ASSOCIATES PLLC
303 West Mendenhall Street Suite 1
Bozeman, MT 59715
0(406)587-1900
domenic@westernjusticelaw.com
jory@westernjusticelaw.com

*Attorneys for Defendant/Counterclaimant Kinkaid*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>KINKAID CIVIL CONSTRUCTION LLC,<br><br>Defendant/Counterclaimant | Cause No. DV-17-103-BLG-SPW-TJC<br><br>**DEFENDANT/COUNTERCLAIMANT KINKAID'S BRIEF IN SUPPORT OF SECOND MOTION TO COMPEL DISCOVERY** |

## I. BACKGROUND

Defendant/Counterclaimant Kinkaid Civil Construction, Inc. (Kinkaid), hereby files this Second Motion to Compel Discovery. Kinkaid has laid out much of the procedural posture of this case in its first Motion To Compel discovery. Accordingly, only new facts, or those necessary to the context of this Motion will be recited here. Where appropriate, the facts in Kinkaid's first Motion to Compel are incorporated here.

As discussed in its Response Brief to Kinkaid's first Motion to Compel, Plaintiff/Counterclaim Defendant United Fire & Casualty Company (United Fire), provided a redacted insurance claim file from April 2017 through November 2017 with its Preliminary Disclosures (ECF DOC 42, United Fire's Response to Kinkaid's Motion to Compel, filed April 12, 2019). United Fire redacted communications between United Fire adjusters and its attorney, Katherine Huso. (Exh. 1, United Fire Privilege Log from November 21, 2017).

Between November 2017 and April 18, 2019, United Fire did not supplement its initial disclosure with any additional parts of the claims file. This is despite the discovery requests propounded by Kinkaid in April 2018 at issue in the first Motion to Compel.

On November 21, 2018, United Fire issued its first formal denial letter to Kinkaid. (Exh. 2, Denial Letter written by Huso). The denial letter was written by

Katherine Huso, United Fire's attorney. (Exh. 2). At no point before or after November 21, 2018, did United Fire issue a denial letter written to Kinkaid by an insurance adjuster or other United Fire employee.

On April 12, 2019, in conjunction with the filing of its Response Brief regarding the first Motion to Compel, United Fire provided objections to the discovery requests and indicated that it would produce other information that it deemed relevant and admissible by April 19, 2019, if Kinkaid signed a Confidentiality Agreement (Exh. 3, April 12 email from Huso to Cossi).

On April 15, 2019 Kinkaid informed United Fire that it had been waiting on this production in hopes of addressing any discovery issues in a meet and confer and Motion to Compel, if necessary. However, because of the timing of the production, Kinkaid informed United Fire that it believed that because Kinkaid's attorney acted as the insurance adjuster in this case, that the attorney's investigation, notes and communications regarding United Fire's denial are discoverable. Kinkaid provided case law addressing this issue. Kinkaid further notified United Fire that the Scheduling Order appears to require discovery motions by the discovery deadline and that it would have to file a Motion to Compel by Friday, April 19. Kinkaid asked for a response by April 17 and informed United Fire that it would represent that it opposed its Motion to Compel if no response was forthcoming. (Exh. 4, April 15 email from Cossi to Huso).

Kinkaid indicated that it would respond as to whether it opposes this motion, but it did not do so.

On April 17, 2019, Kinkaid sent the signed Confidentiality Agreement back to United Fire. (Exh. 5, April 16 email from Huso to Cossi). On April 18, Kinkaid again asked for a response regarding the privilege assertions. (Exh. 6, April 18 email from Cossi to Huso).

On April 19, 2019 (today), United Fire emailed the claims handling manual, but not the claims file. (Exh. 7, emails from Lori Lynch to Cossi with discovery and production). It stated that hard copies would be mailed. United Fire provided updated written responses to the discovery that continued to assert the attorney client privilege.

Upon reviewing the discovery actually produced, Kinkaid learned for the first time that United Fire redacted large portions of its claims handling manual on the basis of the "privilege" of "relevance." (Exh. 8, April 19, United Fire Privilege Log). Kinkaid immediately reviewed the redacted material and sent an email regarding the improper redactions based on an assertion of the nonexistent relevance privilege. (Exh. 9, Email string between Cossi and Huso).

United Fire is aware that Kinkaid believes today is the last day on which discovery Motions may be filed. United Fire has not responded to Kinkaid's meet

and confer regarding relevance as of the time of this filing, but has confirmed it opposes this motion as to attorney client privilege and work product.

## II. LEGAL STANDARDS

The purpose of discovery is to promote the ascertainment of truth and the ultimate disposition of the lawsuit in accordance therewith. *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Discovery fulfills this purpose by assuring the mutual knowledge of all relevant facts gathered by both parties that are essential to proper litigation. *Id.*

Generally attorney client communications and work product are not discoverable. *Dion v. Nationwide Mut. Ins. Co.*, 185 F.R.D. 288, 292 (D. Mont. 1998). However, attorney client communications and work product may be discoverable if the party invoking the protections puts the mental impressions of its attorney at issue, selectively produces communications, or otherwise utilizes the communications or work product in a manner requiring disclosure. *Id.*

## III. ARGUMENT

**A. United Fire Should Be Required To Produce All Communications In The Claims File With Its Attorney That Acted As The Claims Adjuster In This Case**

An insurance company cannot claim attorney client privilege and work product when it "place[s] at issue [its attorney's] handling of the underlying

claim." *Dion*, 185 F.R.D. at 295. In *Dion*, Judge Hatfield analyzed whether an insurance company waived the attorney client privilege and work product regarding an insurance company's attorney, when the attorney was named as its expert in a bad faith case. *Id.* at 294.

Judge Hatfield analyzed Montana and federal law regarding the attorney client privilege and work product and held that the insurer had waived the privilege. *Id.* at 205. The most relevant portion of Judge Hatfield's analysis states:

> An implied waiver of the attorney/client privilege occurs when (1) the party asserts the privilege as a result of some affirmative act, such as filing suit; (2) through this affirmative act, the asserting party puts the privileged information at issue; and (3) allowing the privilege would deny the opposing party access to information vital to its defense. *Hearn v. Rhay*, 68 F.R.D. 574, 581 (E.D.Wash.1975). The doctrine of waiver by implication reflects the notion that the attorney-client privilege "was intended as a shield, not a sword." *Cox v. Administrator U.S. Steel & Carnegie, supra*, 17 F.3d at 1418, citing, *GAB Business Services, Inc. v. Syndicate 627, supra*, 809 F.2d at 762. In other words, "[a] defendant may not use the privilege to prejudice his opponent's case or to disclose some selected communications for self-serving purposes." *Id.*, citing, United *States v. Bilzerian*, 926 F.2d 1285 (2nd Cir.1991); *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir.1982) ("Selective disclosure for tactical purposes waives the privilege."). When confidential communications are made a material issue in a judicial proceeding, fairness demands treating the defense as a waiver of the privilege. *Conkling v. Turner*, 883 F.2d 431, 435 (5th Cir.1989). See also, *Friction Div. Products v. E.I. Du Pont De Nemours*, 117 F.R.D. 535, 538 (D.Del.1987) (Where an insurer makes factual assertions in defense of a claim which incorporate, expressly or implicitly, the advice and judgment of its counsel, it cannot deny an opposing party "an opportunity to uncover the foundation for those assertions in order to contradict them.").

*Id.* at 295.

In this case, Ms. Huso acted at the insurance adjuster. Ms. Huso gathered documents, communicated with other adjusters, and wrote the only denial letter at issue in this case, in November 2018. (See Exh. 1 (denial letter from Ms. Huso, Exh. 10 (partial communications with adjusters, with other communications redacted)). Because Ms. Huso acted as the adjuster, United Fire is, by definition, invoking "advice of counsel" and her documents regarding coverage are discoverable. *Id.* ("[If an insurer] were to assert the advice of counsel defense, any and all communications with its attorney would clearly be discoverable.")

While United Fire disclosed no expert in this case, Ms. Huso has provided United Fire's only reasoning for denying the claim to date. (Exh. 10, August 24, 2017 email from Belich to Huso). There are no other witnesses that have provided reasoning for denying the claim. Accordingly, United Fire has "placed at issue [Ms. Huso]'s handling of the underlying claim" and has waived the attorney client privilege as to Ms. Huso's handling of this this claim.

This conclusion is also supported by the fact that the claims file produced in 2017 contains partial communications between Ms. Huso and United Fire employees. United Fire produced an email from August 14, 2017 from Anne Belich responding to an email from Robert Pierce. The email to which Ms. Belich is responding is redacted. As Judge Hatfield notes, "[s]elective disclosure for

tactical purposes waives the privilege." *Id.* (quoting *United States v. Jones*, 696 F.2d 1069, 1072 (4th Cir.1982)).

Many other Courts have held that when an attorney acts as the insurance adjuster, the files and investigation of the attorney are not protected by the attorney client privilege. *See Bronsink v. Allied Prop. & Cas. Ins.*, No. 09-751 MJP, 2010 WL 786016, at *1 (W.D. Wash. Mar. 4, 2010) ("A communication is not privileged simply because it is made by or to a person who happens to be a lawyer. Attorneys that act as claims adjusters or claims managers cannot later claim attorney-client privilege for that work.") (internal quotation and citation omitted); *Harper v. Auto-Owners Ins. Co.*, 138 F.R.D. 655, 671 (S.D. Ind. 1991) ("Outside counsel was hired five days after the fire to monitor the progress of the case, ensure compliance with the Indiana arson reporting requirements, and conduct the examination under oath of the plaintiff and his wife as provided in the policy. To the extent that this attorney acted as a claims adjuster, claims process supervisor, or claim investigation monitor, and not as a legal adviser, the attorney-client privilege would not apply."); *Columbia Ins. Co. v. Tibbott*, No. 11-CV-1040 (PAM/SER), 2012 WL 13027067, at *6 (D. Minn. June 21, 2012) ("Any assertion that these redacted or withheld documents are necessarily protected by the attorney-client privilege merely because counsel was involved is rejected. [An insurer] may not

delegate its obligation to make a coverage determination—its "ordinary business"—to an attorney and then claim it is privileged.").

The basis for holding that the attorney client privilege does not apply in the above cases is that a coverage determination is the "ordinary business" of an insurance company. *See e.g. Tibbott*, 2012 WL 13027067, at *6. Thus, an attorney providing a coverage determination is not "legal advice." *Id.* Indeed, Ms. Huso's coverage determination does not cite any legal cases, instead, it simply recites facts as related to sections of the insurance policy. This is not legal advice and is the province of an insurance adjuster action in the "ordinary business" of an insurance company. Accordingly, attorney client privilege does not apply to those communications.

Regarding the assertion of the work product privilege, the vast majority of withheld documents are communications and work product does not apply because they contain "non-legal opinions and thoughts about the facts, as opposed to legal or trial matters, such 'mental processes' are properly treated as part of the ordinary business of the insurer." *Mission Nat. Ins. Co. v. Lilly*, 112 F.R.D. 160, 164 (D. Minn. 1986).

Further, Kinkaid has a substantial need and will suffer undue hardship if these files are not produced. *See e.g Palmer by Diacon v. Farmers Ins. Exch.*, 261 Mont. 91, 118, 861 P.2d 895, 912 (1993). Here, one of the reasons that United Fire

denied the claim is because it asserts that Kinkaid did not notify it of the claim in a timely manner and incurred costs without United Fire's consent. One of the emails produced appears to be discussing this issue. (Exh. 10, Pierce Belich email).

Of course, Kinkaid made this claim while the expenses were being incurred and United Fire did nothing regarding the claim for months. Questions of waiver and estoppel cannot be addressed without seeing the claims file, at least those entries through November 21, 2018.

Accordingly, neither the attorney client privilege nor work product applies to the communications in the claims file. Ms. Huso adjusted the claim. Her investigation and communications that were relied upon in the coverage letter are discoverable.

**B.     United Fire Must Produce An Unredacted Claims Handling Manual**

United Fire's redactions of its claims handling manual, especially the redactions under the subrogation section of the claims file, is manifestly improper.

First, United Fire claims that the redactions are made pursuant to the "privilege" of relevancy. However, relevancy is not a privilege. See § 2016 Privileged Matter—In General, 8 Fed. Prac. & Proc. Civ. § 2016 (3d ed.); § 2020 Privileged Matter—Other Privileges, 8 Fed. Prac. & Proc. Civ. § 2020 (3d ed.) Fed.R.Evid., Rule 501; Rule 26 Fed.R.Civ.P. The only privileges recognized in the United States Federal Courts relate to communications made among parties

with special relationships with one another. These communications include the attorney-client privilege and work product privilege; and the testimonial privileges of the doctor-patient privilege, the marital privilege, the priest penitent privilege, and so on. A relevancy objection is not a privilege.

Because relevancy is not a privilege, it cannot be invoked to selectively redact portions of a document that is admittedly relevant.

Rule 26(b)(1), Fed.R.Civ.P., makes clear that the general scope of discovery allows a party to obtain any matter "that is relevant to any party's claim or defense…" As noted by Judge Richard Anderson, "Relevance for discovery purposes is broadly construed and district courts have broad discretion in determining relevancy for discovery purposes." *Dietz v. Bouldin*, No. CV 11-00036-RFC-RWA, 2012 WL 12888345, at *2 (D. Mont. Apr. 19, 2012) (citing, *Surfvivor Media, Inc., v. Survivor Productions*, 406 F.3d 625, 635 (9th Cir. 2005)).

Here, United Fire has denied the claim because it asserts there is another insurance company liable for the damages. Yet, it redacts the subrogation section of its claims handling manual. It has not made a payment, yet it redacts the "Payments" section of its claims manual. United Fire has asserted that Kinkaid did not notify it in a timely manner of the claim, yet it redacts the "Proof of Loss" portion of its claims handling manual. Clearly, the information sought by Kinkaid is both relevant, could lead to admissible evidence and is discoverable. United

Fire's failure to produce such fundamental information in this case violates the Federal Rules of Discovery.

## IV.  CONCLUSION

By having Ms. Huso act as its insurance adjuster, United Fire has placed its communications with her and any other documents she relied upon in adjusting the claim at issue in this case. Accordingly, they are discoverable. In addition, United Fire should be required to produce a complete, unredacted claims manual.

DATED this 19th day of April, 2019.

                              WESTERN JUSTICE ASSOCIATES, PLLC

                              By: /s/ *Domenic A. Cossi*
                                  Domenic A. Cossi
                                  *Attorney for Defendant and*
                                      *Counterclaim Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 19th day of April, 2019, a true and correct copy of this document was served on the following person(s) by:

```
_1,2_     CM/ECF
_____     Hand Delivery
_____     Mail
_____     Overnight Delivery Service
_____     Fax
_____     E-Mail
```

1. Clerk of U.S. District Court

2. Katherine S. Huso
   MATOVICH, KELLER & HUSO, P.C.
   2812 1st Avenue North, Suite 225
   P.O. Box 1098
   Billings, MT 59103-1098
   khuso@mkhattorneys.com
   *Attorney for Plaintiff/Counter Defendant*

By: /s/ <i>Domenic A. Cossi</i><br>Domenic A. Cossi