# TARLOW STONECIPHER WEAMER & KELLY, PLLC
## ATTORNEYS

JOHN H. TARLOW
TOM W. STONECIPHER (OF COUNSEL)
MARGARET C. WEAMER
MATT J. KELLY

ANNA M. WILLIAMS
AMY C. MCNULTY
MATTHEW A. HAUS

November 3, 2017

Katherine S. Huso
2812 1st Avenue North, Suite 225
P.O. Box 1098
Billings, MT 59103-1098

*Via email*
*khuso@mkmfirm.com*

RE: *United Fire & Casualty Co. v. Kinkaid Civil Construction, LLC*
Rule 408 Communication

Dear Katie,

It was my understanding from our previous communications that United Fire would be providing Kinkaid with a coverage determination for the subsidence claim that Kinkaid made in April of this year. Kinkaid still has not received any coverage determination from United Fire regarding this claim.

This ongoing lack of response and uncertainty from United Fire on this issue has created a burden for Kinkaid, respective to their ability to estimate and bond work, create a sustainable growth plan and properly forecast for 2018 and beyond.

In light of the parties' respective positions at this time, I would like to suggest a way forward for United Fire and Kinkaid.

Kinkaid would be willing to dismiss its affirmative claims against United Fire (while maintaining its defense of United Fire's Declaratory Judgment Action) in exchange for United Fire's payment of the subsidence damages and agreement to continue defending my client against the claims asserted by Denny's and HD Supply. As part of such a resolution, Kinkaid would be willing to assign its claims against Western National Insurance to United Fire. Despite the previous adversarial nature of the relationship between United Fire and Kinkaid, my client and I believe we both have a better chance of a successful resolution to the issues if we work together rather than oppose each other. I think we can find common ground in the bad conduct of Western National.

**EXHIBIT 14**

Please consider this proposal and give me a call so we can discuss getting this resolved. Thank you.

Sincerely,

Matt J. Kelly

MJK/sfr

# TARLOW STONECIPHER WEAMER & KELLY, PLLC
## ATTORNEYS

JOHN H. TARLOW
TOM W. STONECIPHER (OF COUNSEL)
MARGARET C. WEAMER
MATT J. KELLY

AMY C. MCNULTY
MATTHEW A. HAUS

January 16, 2018

Katherine S. Huso
2812 1st Avenue North, Suite 225
P.O. Box 1098
Billings, MT 59103-1098

*<u>Via email and USPS</u>*
<u>khuso@mkmfirm.com</u>

RE: *United Fire & Casualty Co. v. Kinkaid Civil Construction, LLC*

Dear Katie,

  We are in receipt of your December 29, 2017 letter responding to our previous correspondence of November 3, 2017. In that correspondence, you state that United Fire needs information related to the amounts paid by Kinkaid for subsidence-related repairs and the dates of such payments in order to make a coverage determination for Kinkaid's claim for coverage of subsidence damages.

  As you acknowledge in your correspondence, Kinkaid previously provided you with invoices to substantiate its subsidence-related repairs. While you have previously requested even further information regarding the dates of payments of subsidence-related repairs, we have communicated to you Kinkaid's position that such information should not affect United Fire's coverage determination on this issue.

  Kinkaid has now waited nearly nine months for any sort of coverage determination from its insurer related to this subsidence issue. As we have previously communicated, Kinkaid is facing financial strain as a result of the delayed response by United Fire.

  In response to your latest letter and in the hopes that United Fire will work to provide Kinkaid with the requested coverage for this claim, Kinkaid has compiled this information requested from United Fire. Again, it is unclear to Kinkaid what relevance the dates of payment have to any coverage determination.

  Further, it seems as if United Fire should be precluded from refusing to pay amounts from after United Fire was notified of the claim for subsidence. To do

otherwise would mean that United Fire withheld its coverage determination because of an invented need for arbitrary documentation.

I am attaching a document detailing each cost incurred by Kinkaid related to the subsidence and the date of payment by Kinkaid (if already paid by Kinkaid). Attached to this document are Kinkaid's accounts payable records showing record of each payment made. This document also includes amounts that are due and owing that have not yet been paid by Kinkaid and projected amounts that Kinkaid anticipates will become due and owing.

As a separate matter, we are also providing you with the unredacted invoices for attorney's fees Kinkaid incurred between April 24, 2017 and July 31, 2017 related to defense of the Denny's Electric lawsuit against Kinkaid. We previously submitted these invoices to you in redacted form and were informed by you that you could not reimburse Kinkaid for its attorney's fees without review of un-redacted versions of these invoices.

This position by United Fire has put Kinkaid in a perilous position by requiring it to submit un-redacted invoices to its insurer who it both suing it and directing its defense of the underlying claim. The Montana Insurance Commissioner has stated that requiring an insured's attorney to submit confidential client information to a third-party can constitute an unfair or deceptive practice under Montana law.

Nevertheless, because United Fire's actions have resulted in financial strain to Kinkaid, Kinkaid feels that it has no choice but to resubmit these invoices, now in un-redacted form, in order to be reimbursed for its defense costs in the underlying action that United Fire is providing a defense for. Kinkaid does not intend to waive its attorney-client privilege by doing so. Please ensure that Kinkaid is reimbursed for these defense costs.

Kinkaid appreciates United Fire's prompt attention to both of these matters. Please call or email with any questions related to these two items.

Sincerely,

Amy C. McNulty

ACM/jms
Enclosure as stated

# TARLOW STONECIPHER WEAMER & KELLY, PLLC
## ATTORNEYS

John H. Tarlow
Tom W. Stonecipher (of counsel)
Margaret C. Weamer
Matt J. Kelly

Amy C. McNulty
Matthew A. Haus

February 7, 2018

Katherine S. Huso
2812 1st Avenue North, Suite 225
P.O. Box 1098
Billings, MT 59103-1098

**_Via email and USPS_**
_khuso@mkmfirm.com_

RE:  *United Fire & Casualty Co. v. Kinkaid Civil Construction, LLC*

Dear Katie,

We are in receipt of your January 23, 2018 letter regarding reimbursement of fees associated with Kinkaid Civil Construction LLC's ("Kinkaid") defense. In that letter, you state that United Fire & Casualty Co. ("United Fire") has decided not to reimburse Kinkaid for certain expenses, because United Fire believes those expenses are unrelated to Kinkaid's defense, as they appear to relate to Kinkaid's prosecution of claims for affirmative relief or to the defense of parties other than Kinkaid.

We disagree with United Fire's determination that the expenses listed are unrelated to Kinkaid's defense. Kinkaid provided United Fire with the request for tender of defense from the City of Billings on May 16, 2017. As we indicated in our letter to Ann Belich, dated June 19, 2017, Kinkaid's contractual obligations required it to defend The Guarantee Company of North America ("Guarantee Company"), and the project owner, the City of Billings. United Fire did not exclude matters involving these parties from its defense of Kinkaid in its Reservation of Rights letter. United Fire does not point to any specific provision of the policy in support of its conclusion that it is not required reimburse Kinkaid for the listed fees.

In fact, it appears that Kinkaid's obligation to the City of Billings would constitute an "Insured Contract" under the Policy. Any defense of the City of Billings or the Guarantee Company constitutes a defense of Kinkaid for which United Fire has agreed to cover. It appears that most if not all of the fees that you denied in your latest letter are related to Kinkaid's defense of these parties (and ultimately itself) and should be reimbursed pursuant to United Fire's agreement to defend Kinkaid.

United Fire has recognized that the complaint filed by Denny's Electric and Motor Repair, Inc. implicates coverage under the Policy provided to Kinkaid as evidenced by its election to defend under a reservation of rights. *See Tidyman's Management Services Inc. v. Davis*, 2014 MT 205, ¶ 30, 376 Mont. 80, 330 P.3d 1139 ("Where an insurer itself recognized the complaint potentially implicated the Policy and required it to provide a defense, we can see no need for further analysis to conclude the duty to defend was invoked."). In Montana, "[a]n insurer must defend all counts 'so long as one count potentially triggers coverage, even if the remaining counts would not be covered.'" *J & C Moodie Properties, LLC v. Deck*, 2016 MT 301, ¶ 20, 385 Mont. 382, 384 P.3d 466 (quoting *Farm Fire & Cas. Co. v. Schwan*, 2013 MT 216, ¶ 16, 371 Mont. 192, 308 P.3d 48)).

It is well settled in Montana that an insurer may breach its duty to defend by failing to defend under a reservation of rights while awaiting a judicial determination of coverage. *See Tidyman's Management Services*, ¶ 31. In that regard, the decision to define the scope of coverage and unilaterally refuse to pay expenses is particularly troubling as it appears to signal that United Fire has diverged from defending under a reservation of rights as it has promised its insured. "[W]here an insurer refuses to defend its insured, it does so at its peril." *J & C Moodie Properties*, ¶ 21.

Kinkaid again requests payment in the amount of $11,230.19. The check may be made payable to Kinkaid Civil Construction LLC, and be sent to our offices. If you continue to refuse to reimburse the full amount of attorney's fees requested, please issue the undisputed $5,865.12 as soon as possible. Kinkaid does not waive its entitlement to further reimbursement by accepting this reduced amount.

As a final matter, we continue to be concerned with United Fire's failure to render a coverage decision regarding Kinkaid's payment of subsidence-related damages. This failure continues to place an increasing financial strain on Kinkaid. Further, United Fire's refusal to pay fees associated with Kinkaid's defense has left Kinkaid partially unprotected. Could you update us regarding your progress with this claim?

Sincerely,

*[signature]*

Matt J. Kelly

MJK/azh

# TARLOW
# STONECIPHER
# WEAMER & KELLY PLLC

### ATTORNEYS

1705 WEST COLLEGE STREET
BOZEMAN, MT 59715-4913

PHONE (406) 586-9714
FAX (406) 586-9720
www.LawMT.com

April 30, 2018

Katherine S. Huso
2812 1st Avenue North, Suite 225
P.O. Box 1098
Billings, MT 59103-1098

**_Via email and USPS_**
khuso@mkmfirm.com

RE: *United Fire & Casualty Co. v. Kinkaid Civil Construction, LLC*

Dear Katie,

I am writing regarding the scheduling order for the above-referenced matter. Thank you for your courtesy in working with us to extend the deadline for disclosure of experts, we appreciate it. For a couple of reasons, we are hoping to again amend the current scheduling order in place in this matter to extend the current slate of deadlines.

First, Matt and I are preparing for an arbitration taking place next month around the time of the deadline for expert disclosure and the close of discovery. Extending these deadlines would give more breathing room for Kinkaid and United Fire to conduct any necessary depositions or related discovery related to expert disclosures or rebuttal expert disclosures.

Second, we were hoping that we would have more information regarding United Fire's coverage decision for the subsidence claim prior to proceeding further with our counterclaim against United Fire in this matter. I understood from our last conversation that there would be some information on that point sent to us relatively soon, could you give us an update on that? At this point, we understand that we may simply have to proceed forward with this action with the information we have at this time. But, any additional information from United Fire might affect our expert disclosure or decision to take depositions in this matter.

With these items in mind, Matt and I propose the following schedule for remaining deadlines for the scheduling order:

KINK-UF 000028

| | |
|---|---|
| **Simultaneous Disclosure of Liability Experts:** | June 15, 2018 |
| **Disclosure of Rebuttal Expert Disclosures:** | 30 days after the other party's disclosure |
| **Discovery Deadline:** | August 17, 2018 |
| **Motion for Settlement Conference Before A U.S. Magistrate Judge:** | August 17, 2018 |
| **Motions Deadline (except motions otherwise scheduled):** | September 14, 2018 |

Could you review these proposed dates and let us know if you'd oppose a Motion to Amend the Scheduling Order in this way? If you have an alternate proposal for an extension, we would be happy to discuss that.

Sincerely,

Amy C. McNulty

# TARLOW
# STONECIPHER
# WEAMER & KELLY PLLC

ATTORNEYS

1705 WEST COLLEGE STREET
BOZEMAN, MT 59715-4913

PHONE (406) 586-9714
FAX (406) 586-9720
www.LawMT.com

October 15, 2018

Katherine S. Huso
2812 1st Avenue North, Suite 225
P.O. Box 1098
Billings, MT 59103-1098

*Via E-mail*
*khuso@mkmfirm.com*
**Original to Follow by Mail**

RE: *United Fire & Casualty Co. v. Kinkaid Civil Construction, LLC*

Dear Katie,

It has now been over two months since we last heard from you in this matter. At that time, you told us that a coverage decision on Kinkaid's claim for subsidence was imminent and forthcoming. We have yet to receive any such coverage decision from United Fire.

As we have reiterated to you over the past year and a half, United Fire's failure to timely provide Kinkaid with coverage for its subsidence claim has left Kinkaid under severe financial strain and pressure as it has had to continue to go it alone without any assistance from United Fire.

At this time, Kinkaid is receiving requests from the City of Billings to complete the additional asphalt repairs related to the subsidence shown on the subsidence costs spreadsheet produced to United Fire as "projected costs." Will United Fire be covering these expenses in addition to the other amounts that Kinkaid owes, as well as reimbursing Kinkaid for amounts it has had to carry for almost two years? Again, time is of the essence for Kinkaid to know how to respond to these requests.

Sincerely,

Amy C. McNulty

ACM/jdm
cc: Client

KINK-UF 536

TARLOW
STONECIPHER
WEAMER & KELLY PLLC

ATTORNEYS

1705 WEST COLLEGE STREET
BOZEMAN, MT 59715-4913

PHONE (406) 586-9714
FAX (406) 586-9720
www.LawMT.com

October 25, 2018

Katherine S. Huso
2812 1st Avenue North, Suite 225
P.O. Box 1098
Billings, MT 59103-1098

***Via Email and U.S. Mail***
khuso@mkhattorneys.com

RE: *United Fire & Casualty Co. v. Kinkaid Civil Construction, LLC*- Meet and Confer Letter Regarding Outstanding Discovery Requests.

Dear Katie,

United Fire has yet to respond to Kinkaid's First or Second Set of Discovery Requests served on April 6, 2018 and April 27, 2018 respectively.

I understand that we had agreed to extensions earlier this summer related to this discovery as we waited for United Fire's promised determination on coverage. Now, however, we are still waiting for this determination and we have not seen any responses to these discovery requests.

Kinkaid requests that United Fire serve its responses to these requests as soon as possible but no later than next Thursday, November 1, 2018. As you know, the close of discovery is approaching and Kinkaid needs these responses to move forward with defense and prosecution of its claims in this litigation.

Very truly yours,

Amy C. McNulty

ACM/llb

KINK-UF 537