Domenic A. Cossi
Jory C. Ruggiero
WESTERN JUSTICE ASSOCIATES PLLC
303 West Mendenhall Street Suite 1
Bozeman, MT 59715
(406)587-1900
*domenic@westernjusticelaw.com*
*jory@westernjusticelaw.com*

*Attorneys for Defendant/Counterclaimant Kinkaid*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>KINKAID CIVIL CONSTRUCTION LLC,<br><br>Defendant/Counterclaimant | Cause No. DV-17-103-BLG-SPW-TJC<br><br><br>**DEFENDANT/COUNTERLCAIMANT KINKAID'S BRIEF IN SUPPORT OF MOTION FOR ATTORNEY FEES AND COSTS** |

Defendant/Counterclaimant Kinkaid Civil Construction, LLC (Kinkaid) hereby files its Brief in Support of its Motion for Attorney Fees and Costs.

## I. INTRODUCTION

Out of an abundance of caution, Kinkaid is filing this motion to ensure that it is filed in a timely manner. While Kinkaid's right to attorney fees may be adjudicated now, the amount of such fees should be decided on supplemental briefing after summary judgment is granted or a verdict is reached.

Kinkaid filed a Motion for Summary Judgment on Counts I and II of its Counterclaim concurrently with this Motion. The facts relevant to both Motions are present in Kinkaid's Statement of Undisputed Facts, filed concurrently with this Motion. The facts relevant to this Motion are recited below.

At all times relevant to this Motion, Kinkaid was an insured with United Fire & Casualty Company (Untied Fire), under a Commercial General Liability Policy, Umbrella Policy and auto polices. Only the Commercial General Liability Policy is at issue in this case.

As explained in Kinkaid's Brief in Support of its Motion for Partial Summary Judgment on Counts I and II of its Counterclaim, Kinkaid sought coverage and indemnity for extensive damages incurred due to subsidence of Interstate 90, a frontage road and a railroad. The subsidence occurred after a water main bore and casing collapsed on August 8, 2016, during a project for the City of

Billings. Kinkaid made a claim for coverage for these damages on April 24, 2017. United Fire delayed in adjusting the claim and failed to affirm or deny coverage. This counterclaim was filed on August 29, 2017. Not until November 21, 2018, did United Fire send a denial letter outlining its reasons for denying coverage. In that denial letter, United Fire does not unequivocally assert that coverage does not exist, but only that it "may" not exist. United Fire's assertion that coverage may not exist, 18 months after the claim was made lacks merit.

For example, United Fire asserts that coverage may not exist because Kinkaid paid damages for which Kinkaid was liable by repairing the subsidence without United Fire's consent. However, United Fire's own claims handling manual shows that this reason is simply a pretext for a denial. United Fire's claims handling manual states:

> Occasionally, a policyholder will of his own volition settle a property damage claim. If, upon investigation, we find it to be a case where he was legally liable and payment was reasonable, it will be our obligation to reimburse the policyholder.

(SUF ¶ 56). United Fire ignored its own stated obligation and Kinkaid's fulfillment of its responsibility to repair the subsidence was used as a pretext to deny the claim.

United Fire forced Kinkaid to bring this Counterclaim and offered no money at any point to reimburse Kinkaid for the subsidence damage. As discussed below,

an award of attorney fees is mandatory when an insured recovers more than its insurance company offers prior to litigation. As such, United Fire should be ordered to pay attorney fees, either at 1/3 of the award of summary judgment or at an amount determined to be appropriate after the summary judgment is granted and the Court allows further briefing on the appropriate amount.

## II. ARGUMENT

When an insured must file litigation and recovers more than its insurance company's last offer prior to litigation, attorney fees must be awarded to the insured. *Mlekush v. Farmers Ins. Exch.*, 2017 MT 256, ¶ 23, 389 Mont. 99, 105, 404 P.3d 704, 708. Here, United Fire offered no money either prior to litigation, or in the 20 months that the litigation has been pending. If Kinkaid prevails on summary judgment and recovers any benefits in this case, an award of attorney fees and costs is required. *Id.*

The appropriate amount of attorney fees awarded when an insured has a contingency contract is the amount contractually owed by the insured. *Morris v. Nationwide Ins. Co.*, 222 Mont. 399, 403, 722 P.2d 628, 631 (1986). However, the Court may also consider the eight factors announced in *Stimac v. State of Montana*, 248 Mont. 412, 417, 812 P.2d 1246 (1991). *See Riordan v. State Farm Mut. Auto. Ins. Co.*, No. CV 07-38-M-DWM-JCL, 2008 WL 11424124, at *7 (D. Mont. July

16, 2008), report and recommendation adopted, No. CV 07-38-M-DWM, 2008 WL 11417002 (D. Mont. Sept. 29, 2008), aff'd, 589 F.3d 999 (9th Cir. 2009).

In *Riordan*, Judge Molloy refused to award attorney fees according to a contingency fee agreement between the plaintiff and his attorney on a full settlement amount because the insurance company had paid out some benefits prior to a settlement and a contingent on the full settlement would not be fair. *Id.* Here, however, United Fire has not paid out any benefits and an attorney fee on the full amount would be appropriate.

However, if the Court does not find that an award of a contingency fee is appropriate as a matter of law, it should order additional briefing on the issue after judgment has been entered on the contract claim, because the information needed to assess the *Stimac* factors is not yet complete. Factor two, "[t]he time and labor required to perform the legal service properly," is not yet ascertainable because briefing is not complete. Similarly, factor four "[t]he result secured by the attorney," is unknown.

Accordingly, Kinkaid requests that the Court award it attorney fees, either as 1/3 of the amount awarded in summary judgment or by ordering a briefing schedule regarding the appropriate attorney fees.

### III. CONCLUSION

Because Kinkaid was forced to initiate litigation to recover its insurance benefits, an award of the attorney fees and costs necessarily incurred to do so is appropriate. Attorney fees should be either as 1/3 of the amount awarded in summary judgment or an amount found appropriate after a briefing schedule regarding the appropriate attorney fees.

DATED this 15th day of May, 2019.

WESTERN JUSTICE ASSOCIATES, PLLC

By: /s/ *Domenic A. Cossi*
    Domenic A. Cossi
    *Attorney for Defendant and*
      *Counterclaim Plaintiff*

# CERTIFICATE OF COMPLIANCE

Pursuant to Local Rule 7.1(d)(2)(E), I certify that this brief is printed with a proportionately spaced Times New Roman text typeface of 14 points; is double-spaced (except that footnotes and quoted and indented material are single spaced); with left, right, top and bottom margins of 1 inch: and that the word count calculated by Microsoft Word 2011 for Mac is not more than 6,500 words.

DATED this 15th day of May, 2019.

                              WESTERN JUSTICE ASSOCIATES, PLLC

                              By: /s/ *Domenic A. Cossi*
                                   Domenic A. Cossi
                                   *Attorney for Defendant and*
                                        *Counterclaim Plaintiff*

# CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of May, 2019, a true and correct copy of this document was served on the following person(s) by:

| | |
|---|---|
| _1,2_ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1. Clerk of U.S. District Court

2. Katherine S. Huso
   MATOVICH, KELLER & HUSO, P.C.
   2812 1st Avenue North, Suite 225
   P.O. Box 1098
   Billings, MT 59103-1098
   khuso@mkhattorneys.com
   *Attorney for Plaintiff/Counter Defendant*

By: /s/ *Domenic A. Cossi*
Domenic A. Cossi