Katherine S. Huso
MATOVICH, KELLER & HUSO, P.C.
2812 1st Avenue North, Suite 225
P.O. Box 1098
Billings, MT  59103-1098
(406) 252-5500 Phone
(406) 252-4613 Fax
khuso@mkhattorneys.com

*Attorney for Plaintiff United Fire & Casualty Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY,<br><br>      Plaintiff/Counterclaim Defendant,<br><br>   vs.<br><br>KINKAID CIVIL CONSTRUCTION LLC,<br><br>      Defendant/Counterclaim Plaintiff. | CV-17-103-BLG-SPW-TJC<br><br>**UNITED FIRE & CASUALTY COMPANY'S RESPONSE TO KINKAID'S MOTION FOR ATTORNEY FEES & COSTS** |

## **INTRODUCTION**

United Fire agreed to defend Kinkaid in the underlying lawsuit under a reservation of rights.  It then filed this declaratory judgment action to determine whether it is legally obligated to defend and indemnify Kinkaid in that lawsuit.

While United Fire does not believe the allegations asserted by Denny's or Core Main in the underlying lawsuit fall within the scope of the policy's coverage, it nonetheless agreed to defend Kinkaid out of an abundance of caution and sought declaratory relief on this issue.

Kinkaid responded to the declaratory judgment complaint by filing a counterclaim to establish coverage for a subsidence claim.  The subsidence claim is separate from the claims asserted against Kinkaid in the underlying lawsuit, which are essentially two subcontractors seeking payment of money owed for work and materials provided on the construction project.  The City of Billings is the true third-party claimant for purposes of the subsidence claim, but the City is not litigating any claims against Kinkaid because Kinkaid repaired the subsidence damages at its own expense and now seeks reimbursement from United Fire. Because Kinkaid is simultaneously defending the declaratory judgment action while seeking affirmative relief for the subsidence claim, any attorney fees awarded to Kinkaid must be limited to those incurred in establishing coverage for the subsidence claim.

## ARGUMENT

United Fire acknowledges that Kinkaid is entitled to recover reasonable attorney fees if the Court determines there is coverage for the subsidence claim. Kinkaid, however, may only recover the attorney fees incurred in litigating its

*counterclaim* to establish United Fire's duty to indemnify. Kinkaid may not recover attorney fees incurred solely to defend the declaratory judgment action regarding United Fire's duty to defend.

**I.      If the Court determines there is coverage for the subsidence claim, Kinkaid may only recover the reasonable attorney fees incurred in litigating its counterclaim to establish coverage.**

If Kinkaid prevails on its counterclaim and establishes that United Fire has a duty to pay the subsidence claim, any award of attorney fees should, to the extent possible, be limited to those fees incurred in litigating the counterclaim. Kinkaid may not recover its attorney fees incurred in defending the declaratory judgment action simply because it is also seeking affirmative relief in the same action. In other words, if Kinkaid had not filed a counterclaim and was only defending the declaratory judgment action, surely it would not claim entitlement to the cost of defending that action.

The Montana Supreme Court has made clear that attorney fees should not be awarded in declaratory judgment actions as a matter of course. *Ames Const., Inc. v. Intermountain Indus., Inc.*, 2010 WL 2985811, *1 (D. Mont. 2010) (unreported) (citing *Mungas v. Great Falls Clinic*, 2009 MT 426). A court may award attorney fees in a declaratory judgment action under Mont. Code Ann. § 27-8-313, only if equitable considerations support that award. *United National Ins. Co. v. St. Paul Fire & Marine Ins. Co.*, 2009 MT 269, ¶ 38. The court must determine whether

equitable considerations support the award before considering whether relief is necessary and proper. *Id*. If equity is found, only then should the court conduct a necessary and proper inquiry. *Id*.

In this case, there are no equitable considerations supporting an award of attorney fees to Kinkaid for defending the declaratory judgment action. In this context, United Fire and Kinkaid are two similarly situated parties disputing the interpretation of a contract. *See Banjosa Hosp., LLC v. Hiscox, Inc*., 2019 WL 1922300, at *6 (D. Mont. 2019) (unreported) (citing *United National*, 2009 MT 269, ¶ 39). United Fire has done precisely what the Montana Supreme Court has advised insurers to do when they believe a defense is not owed under the policy— it has defended Kinkaid under a reservation of rights and filed a declaratory judgment action to discern coverage. *Tidyman's Mgmt. Servs. v. Davis*, 2014 MT 205, ¶ 24. Indeed, it would be very *unequitable* to require United Fire to pay Kinkaid's attorney fees for defending a legitimate declaratory judgment action, and would essentially penalize United Fire for complying with Montana law.

Therefore, to the extent possible, any attorney fees that may be awarded to Kinkaid for prevailing on the subsidence claim should *not* include attorney fees incurred solely in defending the declaratory judgment action.

**II.   If the Court determines there is coverage for the subsidence claim, Kinkaid's reasonable attorney fees should not be calculated on the basis of the contingency fee contract.**

A contingency fee contract is not controlling in demonstrating the reasonable of attorney fees.  *Security Nat. Ins. Co. v. Wink*, 2005 WL 6935395, at *15 (D. Mont. 2005) (citing *State Highway Comm'n v. Marsh*, 175 Mont. 460, 467 (1978)).  *Wink* was a declaratory judgment action in which the Court held that the insurer breached its duty to defend and indemnify the insured for an underlying personal injury claim.  *Id*.  The Court approved the $3.2 million stipulated judgment against the insurer and awarded attorney fees to the plaintiff, who brought the action as assignee of the insured.  *Id*.  However, the Court declined to calculate the fee award based on the plaintiff's contingency fee contract, which would have amounted to 33% of the judgment, or $726,000.00.  *Id*. at *16.  The Court noted that reasonable attorney fees computed on an hourly basis (the lodestar method) would have likely amounted to less than 10% of the contingent fee calculated by the plaintiff.  *Id*.

In this case, any attorney fees awarded to Kinkaid should not *automatically* be calculated based on Kinkaid's contingency fee contract with its current counsel.  When assessing whether to award the full amount of a contingent fee contract as a reasonable attorney fee, *the court should*, *as a check*, consider the following factors:

(1) The novelty and difficulty of the legal and factual issues involved;

(2) The time and labor required to perform the legal service properly;

(3) The character and importance of the litigation;

(4) The result secured by the attorney;

(5) The experience, skill, and reputation of the attorney;

(6) The fees customarily charged for similar legal services at the time and place where the services were rendered;

(7) The ability of the client to pay for the legal services rendered; and

(8) The risk of no recovery.

*Riordan v. State Farm Mut. Auto. Ins. Co.*, 2008 WL 2512023, *20 (D. Mont. 2008) (citing *Stimac v. State*, 248 Mont. 412, 417 (1991)). Kinkaid's brief inaccurately characterizes the Court's duty to consider these factors as permissive by stating that it "may" consider them. See Doc. 65, p. 4. The Court is actually *required* to consider these factors before deciding whether the full amount of a contingent fee contract is a reasonable attorney fee. *Riordan*, at *20.

United Fire agrees that the parties do not have all of the information needed to assess these factors at this time, and therefore requests that the Court allow the parties to submit additional briefing on the attorney fee issue at the appropriate time.

## CONCLUSION

In the event the Court determines there is coverage for the subsidence claim, Kinkaid's award of attorney fees should be limited to those incurred in litigating the counterclaim, and should not include attorney fees related solely to defending the declaratory judgment action. Additionally, the Court is not bound by Kinkaid's contingent fee contract in determining the proper amount of attorney fees to be awarded. Any attorney fees awarded to Kinkaid in this matter must be determined based on the *Stimac* factors, after the parties submit further briefing on this issue.

DATED this 29th day of May, 2019.

                              MATOVICH, KELLER & HUSO, P.C.

                              By:  /s/ Katherine S. Huso
                                      Katherine S. Huso
                                      *Attorney for Plaintiff United Fire &*
                                      *Casualty Company*

# CERTIFICATE OF SERVICE

I hereby certify that on this 29th day of May, 2019, a copy of the foregoing was served on the following persons by the following means:

| 1, 2 | CM/ECF | | Fax |
|---|---|---|---|
| | Hand Delivery | | Email |
| | Mail | | Overnight Delivery Service |

1. Clerk, U.S. District Court, Billings Division

2. Domenic A. Cossi
   Jory C. Ruggiero
   WESTERN JUSTICE ASSOCIATES, PLLC
   303 West Mendenhall, Suite 1
   Bozeman, MT  59715
   domenic@westernjusticelaw.com
   jory@westernjusticelaw.com

                                                    MATOVICH, KELLER & HUSO, P.C.

                                         By:  /s/ Katherine S. Huso
                                                    Katherine S. Huso
                                                    *Attorney for Plaintiff United Fire & Casualty Company*