Domenic A. Cossi
Jory C. Ruggiero
WESTERN JUSTICE ASSOCIATES PLLC
303 West Mendenhall Street Suite 1
Bozeman, MT 59715
(406)587-1900
*domenic@westernjusticelaw.com*
*jory@westernjusticelaw.com*

*Attorneys for Defendant/Counterclaimant Kinkaid*

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| UNITED FIRE & CASUALTY COMPANY,<br><br>Plaintiff/Counterclaim Defendant,<br><br>vs.<br><br>KINKAID CIVIL CONSTRUCTION LLC,<br><br>Defendant/Counterclaimant | Cause No. DV-17-103-BLG-SPW-TJC<br><br>**REPLY BRIEF IN SUPPORT OF MOTION FOR ATTORNEY FEES AND COSTS** |

## I.  INTRODUCTION

On May 15, 2019, Kinkaid Civil Construction, LLC filed a Motion For Attorney Fees and Costs related to this action.  The basis for the Motion was the "insurance exception" to the America Rule, which requires that attorney fees be awarded if an insured is forced to pursue litigation to obtain the benefits of its insurance policy.  *See Mlekush v. Farmers Ins. Exch.*, 2017 MT 256, ¶ 24, 389 Mont. 99, 105, 404 P.3d 704, 708; and *Estate of Gleason v. Cent. United Life Ins. Co.*, 2015 MT 140, ¶ 81, 379 Mont. 219, 238, 350 P.3d 349, 362.

United Fire & Casualty Company (United Fire), responded on May 29, 2019.  United Fire agrees that attorney fees may be awarded if Kinkaid prevails on its "subsidence claim," which is the subject of Kinkaid's Motion for Partial Summary Judgment also filed on May 15, 2019.  However, United Fire asserts that Kinkaid should not be awarded attorney fees for its attorneys' efforts to maintain United Fire's defense of the underlying claim, which is the subject to United Fire's Motion For Summary Judgment also filed on May 15, 2019.  United Fire asserts that the insurance exception to the American Rule does not apply to that claim and United Fire has done what it is supposed to.  United Fire is not seeking recoupment of defense costs in the underlying case from Kinkaid, which it asserts prevents the "insurance exception" to the American Rule from applying and that the declaratory judgment act does not allow an award of attorney fees to Kinkaid on this issue.

As discussed below, the "insurance exception" to the American Rule applies to this entire case and United Fire should be required to pay all attorney fees. Both United Fire and Kinkaid agree that additional briefing should be ordered at the end of the case as to the appropriate amount of attorney fees.

## II.     ARGUMENT

**A.    The Insurance Exception To The American Rule Applies To Both the Subsidence Claim and the Duty To Defend Claim**

The "insurance exception" to the American Rule applies to require an award of attorney fees when and insured is "forced to resort to legal action against the insurer to obtain the full benefit of the insurance contract." *Estate of Gleason*, ¶ 81. In *Estate of Gleason*, an insured recovered attorney fees on both a contract claim and UTPA claim because the claims were prosecuted simultaneously. In holding that attorney fees were appropriate on all causes of action in that case, the Supreme Court stated:

> CULI cites *Sampson v. Nat'l Farmers Union*, 2006 MT 241, 333 Mont. 541, 144 P.3d 797, for the proposition that attorney's fees may not be awarded in UTPA actions. CULI misstates our holding in *Sampson*. Sampson involved the question of whether attorney's fees could be awarded as damages in a UTPA action. We looked to the construction of the UTPA and concluded that, because the legislature had not seen fit to construct the UTPA to provide for the recovery of attorney's fees, such fees were not allowed as damages in a UTPA action. *Sampson*, ¶ 22. See also *Jacobsen*, ¶¶ 18–24. However, we also restated our commitment to the insurance exception of the American Rule. *Sampson*, ¶ 19. The insurance exception did not apply in Sampson, because the prevailing party was not the insured. It applies to the Estate in this case.

*Estate of Gleason*, ¶ 83.

Here, not only is the duty to defend issue being litigated at the same time as the coverage issue, but defense costs are a benefit of the policy. While United Fire is not seeking recoupment, it is seeking to end its duty to defend. It could have chosen to defend under a reservation of rights and only sought to determine whether its duty to indemnify was triggered by the verdict in the underlying case. However, it did not and is now seeking to withdraw benefits under the policy, just before the trial in the underlying case.

If Kinkaid prevails on the duty to defend, United Fire will have "forced" Kinkaid "to resort to legal action against the insurer to obtain the <u>full benefit</u> of the insurance contract." *Estate of Gleason*, ¶ 81 (underline added).

Thus, attorney fees should be awarded on the entirety of this case, pursuant to subsequent briefing on the appropriate amount once all issues have been decided.

### III.   CONCLUSION

The insurance exception to the American Rule applies to the entirety of this case. As Kinkaid and United Fire agree, the appropriate amount should be determined after all issues are decided and the *Stimac* factors can be fully addressed.

DATED this 12th day of June, 2019.

                        WESTERN JUSTICE ASSOCIATES, PLLC

                        By: /s/ *Domenic A. Cossi*
                              Domenic A. Cossi
                              *Attorney for Defendant and*
                                  *Counterclaim Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that on this 12th day of June, 2019, a true and correct copy of this document was served on the following person(s) by:

| | |
|---|---|
| _1,2_ | CM/ECF |
| _____ | Hand Delivery |
| _____ | Mail |
| _____ | Overnight Delivery Service |
| _____ | Fax |
| _____ | E-Mail |

1.    Clerk of U.S. District Court

2.    Katherine S. Huso
      MATOVICH, KELLER & HUSO, P.C.
      2812 1st Avenue North, Suite 225
      P.O. Box 1098
      Billings, MT  59103-1098
      khuso@mkhattorneys.com
      *Attorney for Plaintiff/Counter Defendant*

                                       By: /s/ *Domenic A. Cossi*
                                           Domenic A. Cossi